**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| R AND R NAVIGATOR LLC, | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. 5:22-CV-764 |
| | § | |
| v. | § | |
| | § | |
| WRIGHT NATIONAL FLOOD INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| *Defendant*. | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**PARTIES**

1.    Plaintiff, R and R Navigator LLC, is a limited liability company whose business address is 3603 Tuscany Drive, San Antonio, Texas 78219.  Plaintiff's members are Inna Ramos, whose state of citizenship is Texas, and Salvador Balderas Ramos, whose state of citizenship is Texas.

2.    Defendant, Wright National Flood Insurance Company, is a corporation that is domiciled in the State of Texas.  Defendant has its principal place of business in the State of Texas.  Defendant has made an appearance in this proceeding.

**JURISDICTION**

3.    The Court has jurisdiction over the lawsuit under 28 U.S.C. §1331 and 42 U.S.C. Chapter 50, § 4053.

**VENUE**

4.    Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

**CONDITIONS PRECEDENT**

5.    All conditions precedent has been performed or have occurred.

### FACTS

6.   Plaintiff is the owner of commercial insurance policy number 42 1151605535, which was issued by Wright (hereinafter referred to as the "policy").

7.   Plaintiff owns the insured property that is specifically located at 5616 Bandera Road, San Antonio, Texas 78238 (hereinafter referred to as the "property").

8.   Defendant or its agent sold the policy insuring the property to plaintiff.

9.   On or about July 5, 2021, plaintiff's property sustained flood damage.  Plaintiff submitted a claim to Wright against the policy for the damage.

10.   Plaintiff submitted a claim to Wright against the policy for damage caused to the property because of the flood.  The insured asked Wright to cover the cost of repairs to the property pursuant to the policy and any other available coverages under the policy.  Wright assigned claim number 210002004 to the insured's claim.

11.   Following its receipt of the claim, Wright inspected the property in question.  The flood caused significant damage to the exterior and interior of the property.

12.   Wright's unreasonable investigation of the claim included a failure to comply with Wright's policies and procedures concerning flood inspections.  The flood caused significant damage to the exterior, American dining room, Mexican dining room, greeting room, bathroom hallway, women's restroom, men's restroom, coffee bar, Ukraine dining room, kitchen hallway, kitchen, prep room, walk-in cooler, office, break room, office bathroom, storage room, supply room, back room, back-room storage closet, back-room bathroom, water heater closet, and parking lot.  Flood damage called for the drywalls to be sealed, hung, taped, and floated, removal and replacement of insulation, repair to the texture, painting, and contents removal.  Flood waters also damaged electrical systems, air conditioning, studs, doors, plumbing systems, and furniture.  As a

result of Wright's unreasonable investigation, the insured was wrongly denied the full cost to repair all the damage.

13.   Wright failed to document the damage to the property's exterior and interior.  Wright conducted an insufficient inspection and prematurely closed the insured's claim.  At the time of the investigation, premature closing of claims was part of a pattern and practice of claims handling by Wright.

14.   Wright failed to properly adjust the claim and Wright has denied at least a portion of the claim without an adequate investigation, even though the policy provided coverage for losses such as those suffered by the insured.  Furthermore, Wright underpaid portions of the insured's claims by not providing full coverage for the damages sustained by the insured, as well as under-scoping the damages during its investigation.

15.   Wright failed to properly qualify, train, and supervise its employees and agents to whom Wright entrusted the handling of various portions of insured's claim.  Wright, its agents, and employees failed to follow procedures and properly execute their duties.  Wright's actions, as detailed in the facts of this complaint and the allegations set forth below, caused a system failure that resulted in Wright's breach of the insurance contract.  These violations resulted in Wright's denial to the insured of the full protection and benefits of these laws and the policy benefits to which the insured was entitled.

16.   To date, Wright continues to delay in the payment for the damages to the property.  As such, the insureds' claim(s) remain unpaid, and the insured still has not been able to properly repair the property.

## COUNT 1 - BREACH OF CONTRACT

17.   Wright breached its contract with plaintiff.

18.    Plaintiff and defendant executed a valid and enforceable insurance contract.  The contract stated that defendant would pay the replacement cost of all damage which occurred to plaintiff's property caused by a covered peril, and that plaintiff would pay insurance premiums and perform other obligations as outlined in the insurance policy.

19.    Plaintiff fully performed plaintiff's contractual obligations.

20.    Wright breached the contract by refusing to pay the full amount of the cost to repair or replace the property.  Wright failed and refused to pay any of the proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by plaintiff.

21.    Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

22.    <u>Attorney Fees.</u>  Plaintiff is entitled to recover reasonable attorney fees under Texas Civil Practice & Remedies Code chapter 38 because this suit is for breach of a written contract.  Plaintiff retained counsel, who presented plaintiff's claim to Wright.  Wright did not tender the amount owed within 30 days of when the claim was presented.

**CONDITIONS PRECEDENT**

23.    All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

**PRAYER**

24.    For these reasons, plaintiff asks that plaintiff be awarded a judgment against defendant for the following:

    a.    Actual damages.

    b.    All other relief to which plaintiff is entitled.

GULF COAST INSURANCE LAWYERS, P.C.
609 Main Street, Suite 2500
Houston, Texas 77002
Telephone: (713) 941-9309
Facsimile: (844) 270-0740

DANNY RAY SCOTT
State Bar No. 24010920
danny@gulfcoastinsurancelawyers.com
NOHAYIA JAVED
State Bar No. 24074482
attorneyjaved@gulfcoastinsurancelawyers.com

*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I certify that on January 4, 2023, a copy of the foregoing document was served on the following attorneys in charge:

***Via CM/ECF***
Bradley K. Jones
BAKER HOSTETLER, LLP
811 Main Street, Suite 1100
Houston, Texas 77002
bkjones@bakerlaw.com

DANNY RAY SCOTT